**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| SHERON FRASER-BURGESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:23-cv-01323 |
| | ) |
| BALL STATE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Comes now the Plaintiff, Sheron Fraser-Burgess ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Ball State University, ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## PARTIES

2. Plaintiff has resided within the Southern District of Indiana at all relevant times.

3. Defendant is located in and conducts business in the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1981, 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(f)(3).

and 42 U.S.C. § 2000e-5(f)(3).

5. Plaintiff is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Plaintiff satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received her "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

8. All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana, Indianapolis Division, and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff is a black female, placing her in a protected class under Title VII.

10. Plaintiff began her employment with Defendant on or about August 19, 2005, as an Assistant Professional of Social Foundations of Education and Multicultural Education.

11. At all relevant times, Plaintiff met or exceeded Defendants legitimate performance expectations, resulting in two promotions. Plaintiff's current position is as a Professor of Social Foundations of Education and Multicultural Education.

12. On May 12, 2016, Plaintiff filed an EEOC Charge of Discrimination against Defendant, alleging race discrimination, hostile work environment, and retaliation in

violation of Title VII; and on September 8, 2016, Plaintiff filed an EEOC Charge of Discrimination against Defendant alleging race discrimination, hostile work environment, and retaliation in violation of Title VII. Plaintiff's actions constitute protected conduct.

13. On June 15, 2017, Plaintiff filed a federal lawsuit against Defendant alleging race discrimination, hostile work environment, and retaliation under case number 1:17-cv-02048. Plaintiff's actions constitute protected conduct.

14. Plaintiff's claims focused primarily on the treatment from her then-Department Chair, Professor Jane Bielke.

15. In or about May of 2016, Bielke was relieved from her Department Chair position, and Defendant appointed Teresa Kruczek as Interim Department Chair.

16. In or about May of 2017, Plaintiff applied for the position of Interim Associate Dean of Teacher's College. Defendant did not hire her for the position and selected a similarly situated, less qualified employee not in her protected class(es).

17. In March of 2018, Kruczek created an Educator Preparation Program committee for all professors teaching Educational Foundation course 420 and Educational Multicultural Education 205 and appointed Professor Richard Seymour to Chair the committee. Despite the fact that Plaintiff taught both courses, Seymour excluded Plaintiff from the committee.

18. In April of 2018, Plaintiff engaged in protected activity when she complained of discrimination and retaliation when she was removed from a doctoral student's committee and never informed of the removal.

19. On March 21, 2019, the Court denied Defendant's Motion for Summary Judgment on Plaintiff's Title VII hostile work environment and retaliation claims.

20. In March of 2019, Plaintiff engaged in protected activity when she complained of discrimination and retaliation when her application for promotion to full professor was denied. The Promotion and Tenure committee granted Plaintiff's appeal, and she was promoted to full professor.

21. In June of 2019, Defendant appointed Seymour as Interim Department Chair to replace Kruczek. Plaintiff applied for this position, but was not selected despite being more qualified than Seymour.

22. On or about August 12, 2019, Plaintiff requested a meeting with Seymour. Seymour failed to show up for the meeting.

23. On or about August 13, 2019, Plaintiff emailed Seymour explaining the topics she had hoped to discuss at the meeting. Seymour ignored Plaintiff's email.

24. On or about August 19, 2019, Seymour subjected Plaintiff to disparate treatment when he refused to grant her proposed committee meeting time, unlike those similarly situated to Plaintiff not in her protected class(es).

25. On September 27, 2019, the Court entered a Minute Order noting that the parties reached a settlement at the settlement conference held on September 26, 2019; and on October 10, 2019, the Court issued an Order of Dismissal.

26. On or about October 1, 2019, Plaintiff learned that Seymour had been excluding her from monthly department meetings.

27. Following the resolution of the lawsuit, Defendant approved Richard Seymour to serve as Plaintiff's Department Chair.

28. On or about March 20, 2020, Seymour appointed a less qualified, similarly situated employee not in Plaintiff's protected class(es) to serve in a dual role on the Senate and Faculty Council for Plaintiff's department, in violation of Defendant's policies.

29. In May of 2021, Defendant appointed a less qualified, similarly situated employee not in Plaintiff's protected class(es) to serve as a Secondary Education Director, resulting in a failure to hire and/or promote and loss of income to Plaintiff.

30. In the spring of 2021, Defendant appointed a less qualified, similarly situated employee not in Plaintiff's protected class(es) to serve as Interim Associate Dean of The Graduate School, resulting in a failure to hire and/or promote and loss of income to Plaintiff.

31. Plaintiff went on sabbatical during the 2021-2022 academic year.

32. While on sabbatical in the fall of 2021, Plaintiff requested travel research support twice from a committee chaired by Bielke. Bielke violated Defendant's policy to learn that Plaintiff had made the request. Subsequently, Plaintiff's request for funding was denied.

33. In March of 2022, Plaintiff's professional development project with Muncie Community Schools, which was originally intended to last until the spring of 2023, was curtailed, and similarly-situated professors, not in Plaintiff's protected class(es), were put in her place.

34. In or about July of 2022, Defendant appointed a less qualified, similarly situated employee to serve as the Associate Dean of the Graduate School, resulting in a failure to hire and/or promote and loss of income to Plaintiff.

35. In January 2022, Seymour attempted to intimidate Plaintiff into changing the grade of a white male student so that the student's appeal would not go beyond Seymour's department.

36. During the 2022 spring semester, Defendant gave Plaintiff a poor review during the time she was on leave, which made her ineligible for a salary increase, in violation of Defendant's policies.

37. On May 27, 2022, Plaintiff engaged in protected conduct when she complained to Defendant that she was being subjected to disparate and discriminatory treatment.

38. In the 2022 fall semester, Seymour began secretly meeting and communicating with some of Plaintiff's white students, who later complained about Plaintiff, including her performance and the grades they were given.

39. Seymour has been overly critical and scrutinizing of Plaintiff's teaching as compared to similarly situated professors not in Plaintiff's protected class(es).

40. Seymour has excluded Plaintiff from meetings, ignored emails regarding her job performance, and ignored her status as a professor when assigning responsibilities related to the teacher education program.

41. In or about March of 2023, Plaintiff applied for the position of Interim Associate Dean.

42. On or about March 31, 2023, Plaintiff filed another EEOC Charge of Discrimination alleging race discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964.

43. On or about March 31, 2023. Defendant subsequently hired a less qualified, similarly situated employee into the Interim Associate Dean position, resulting in a failure to hire and/or promote and loss of income to Plaintiff.

44. On or about July 1, 2023, Defendant appointed a less qualified, similarly situated employee to serve as the new Chair of Plaintiff's department.

45. On or about July 24, 2023, Defendant informed Plaintiff that she had been assigned a graduate assistant for the 2023 fall semester, despite the fact that she had requested that one not be assigned to her, which is her option. Plaintiff was then immediately copied on an email informing a graduate student of the assignment.

46. On or about July 25, 2023, Plaintiff met with the new Department Chair, who informed her that the outgoing Chair, Seymour, had instructed a graduate assistant to be appointed to Plaintiff, despite her request otherwise.

47. On or about July 25, 2023, Plaintiff learned that a graduate course that she has taught for 18 years, and which is at the heart of her academic focus, was assigned to a less qualified, similarly situated employee not in her protected class(es).

48. As a result of Defendant's unlawful actions, Plaintiff did not receive a salary increase for the last three years, which not only negatively impacts her current pay, but also negatively impacts her retirement benefits.

49. Defendant has systematically and continuously denied Plaintiff opportunities for administrative positions within the department commensurate with her experience and expertise in favor of less qualified, similarly situated employees not in her protected class(es), which has not only impacted her pay, but has also stymied her career.

50. Defendant has subjected Plaintiff to less-favorable treatment than similarly-situated employees not in Plaintiff's protected class(es).

51. All reasons given for Plaintiff's disparate treatment by Defendant are pretexual.

52. Plaintiff has suffered and continues to suffer injury as a result of Defendant's unlawful actions.

## CAUSES OF ACTION

## COUNTS I & II

### RACE DISCRIMINATION – TITLE VII & SECTION 1981

53. Plaintiff hereby incorporates paragraphs 1 - 52 of her Complaint.

54. Defendant took adverse employment action against Plaintiff based on her race in violation of Title VII and Section 1981, including when it failed to hire and/or promote Plaintiff.

55. Defendant's actions, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

56. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII and Section 1981.

## COUNTS III & IV

### HARASSMENT – TITLE VII & SECTION 1981

57. Plaintiff hereby incorporates paragraphs 1 – 56 of her Complaint.

58. Defendant created a hostile work environment for Plaintiff because of her race and/or protected activity.

59. Plaintiff complained about the hostile environment to Defendant, but Defendant took no action designed to remedy the hostile work environment.

60. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII and Section 1981.

## COUNTS V & VI

### RETALIATION – TITLE VII & SECTION 1981

61. Plaintiff hereby incorporates paragraphs 1 – 60 of her Complaint.

62. Defendant took adverse employment action against Plaintiff based on her statutorily-protected activity in violation of Title VII and Section 1981, including when it failed to hire her and/or promote her and/or by subjecting her to harassment.

63. Defendant's actions, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

64. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights under Title VII and Section 1981.

9

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Sheron Fraser-Burgess, respectfully requests that this Court find for her and order that:

1. Defendant place Plaintiff to the position(s) for which she applied or pay front pay and benefits to her in lieu thereof;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay pre- and post-judgment interest to Plaintiff;

5. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

*/s/ Jason P. Cleveland*
Jason P. Cleveland (24126-53)
Eric J. Hartz (29676-49)
CLEVELAND LEHNER CASSIDY
6214 Carrollton Ave., Ste. 200
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: jason@clcattorneys.com
eric@clcattorneys.com

Counsel for Plaintiff, Sheron Fraser-Burgess

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Sheron Fraser-Burgess, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

                                                Respectfully submitted,

                                                Jason P. Cleveland (24126-53)
                                                CLEVELAND LEHNER CASSIDY
                                                6214 Carrollton Ave., Ste. 200
                                                Indianapolis, IN 46220
                                                Tel: 317-388-5424
                                                Fax: 317-947-1863
                                                Email: jason@clcattorneys.com